UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

THE OPPENHEIMER GROUP,

                Plaintiff,

    - against -

"APL SHANGHAI" & "ALIOTH" their engines,
boilers, tackle, furniture, apparel *in rem* and
LCL CARIBBEAN CORPORATION

                Defendants.
-------------------------------------------------------------------X

VERIFIED COMPLAINT
14 Civ (    )



Plaintiff, THE OPPENHEIMER GROUP, by and through its attorneys, CHALOS & CO,

P.C., as for its Complaint against the "APL SHANGHAI" & "ALIOTH" their engines, boilers,

tackle, furniture, apparel, etc., *in rem*, and LCL CARIBBEAN CORPORATION (hereinafter

"LCL") (collectively referred to as "Defendants") *in personam*, alleges upon information and

belief, as follows:

    **FIRST**: All and singular the following premises are true and constitute admiralty or

maritime claims within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and

within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

    **SECOND**: At and during all times hereinafter mentioned, Plaintiff had and now has the

legal status and place of business at: 101-11 Burbidge Street, Coquitlam, BC V3K 7B2,

Canada, and was the owner of a consignment of 5,280 boxes of mangos laden on board the

"APL SHANGHAI" & "ALIOTH," as described in more detail below.

    **THIRD**: At and during all the times hereinafter mentioned, Defendant LCL was and

is a foreign corporation with an office and place of business located at Av. del Valle 869, of.

304, Edificio Vanguardia, Ciudad Empresarial, Heuchuraba, 8580702 Santiago, Chile.  LCL

Chalos & Co ref: 2067.030

I



also maintains a local office and place of business through its agent Inchcape Shipping Services

at 101 S. King Street, Suite 100, First Floor, Gloucester City, New Jersey 08030.  Upon

information and belief, Defendant was and still is doing business in this jurisdiction directly

and/or through an agent and were at all times acting as the owner, charterer, operator and/or

manager of the above named vessels as common carriers of goods by water for hire.

**FOURTH**:  Upon information and belief, this Court has personal jurisdiction over the

Defendants, and venue is proper by reason of Defendants' regular and systematic contacts with

the State of New York.

**FIFTH**:  At and during all the times hereinafter mentioned, that said vessels were and

now are general ships employed in the common carriage of merchandise by water for hire, and

now are or will be during the pendency of this action, within this District and within the

jurisdiction of this Honorable Court.

**SIXTH**:  On or about the date and at the port of shipment stated in Schedule "A," there

were shipped by the shipper therein named and delivered to Defendants and the said vessels as

common carriers, the shipments described in Schedule "A," then being in good order and

condition.  Defendants and the said vessels then and there accepted said shipments so shipped

and delivered to them, and in consideration of certain agreed freight charges thereupon paid or

agreed to be paid, agreed to transport and carry said shipments to the port of destination stated

in Schedule "A," and there deliver the same in like good order and condition as when shipped,

delivered to and received by them, to the consignees named in Schedule "A."

**SEVENTH**:  Thereafter, the said vessel arrived at the port of destination, where she and

Defendant made delivery of the shipments, but not in like good order and condition as when

shipped, delivered to and received by them, but on the contrary, seriously injured and impaired

in value by reason of the matter and things stated in Schedule "A," all in violation of Defendants' and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

**EIGHTH**: Plaintiff was the shipper, consignee or owner of the shipments described in Schedule "A" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in said shipments, as its respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**NINTH**: By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded, in the aggregate sum of USD 8,473.95.

**WHEREFORE,** Plaintiff prays:

1.  That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.  That if Defendants cannot be found within this District, then all their property within this District as described in Schedule "A" be attached in the aggregate sum of USD 8,473.95, with interest thereon and costs;

3.  That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

4.  That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest, therein be cited to appear and answer under oath, all

and singular the matter aforesaid, and that this Court will be pleased to pronounce judgment in

favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that

the said vessel may be condemned and sold to pay therefore; and

     5.     That this Court will grant Plaintiff such other and further relief as may be just

and proper.

Dated:   Oyster Bay, New York
          July 1, 2014

                              Respectfully submitted,

                              CHALOS & CO, P.C.
                              *Attorneys for Plaintiff*
                              THE OPPENHEIMER GROUP

By:         _Katherine Christodoulatos_

                              LeRoy S. Corsa (LC-2966)
                              Katherine N. Christodoulatos (KC-1226)
                              55 Hamilton Avenue
                              Oyster Bay, New York 11771
                              Tel:  (516) 714-4300
                              Fax: (516) 750-9051
                              E-mail: rcorsa@chaloslaw.com
                                        kchristodoulatos@chaloslaw.com

## SCHEDULE A

| | | |
|---|---|---|
| **Vessels** | : | **APL SHANGHAI and ALIOTH** |
| **Bill of Lading No.** | : | **LAVRGTITH4753001 / MOLU27801413471** |
| **Date of Shipment** | : | **December 21, 2012** |
| **Place of Shipment** | : | **Quayaquil, Ecuador** |
| **Port of Destination** | : | **Toronto, Canada** |
| **Shipper** | : | **Sembrios De Exportacion S.A.** |
| **Consignee** | : | **The Oppenheimer Group** |
| **Description of Shipment** | : | **5,280 Boxes of Mangos** |
| **Nature of Damage** | : | **Loss and damage, including but not limited to: (i) damages sustained to the mangoes (ii) loss of sales, and (iii) other incidental expenses** |
| **Estimated Amount** | : | **USD 8,473.95** |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

THE OPPENHEIMER GROUP,

                   Plaintiff,                        VERIFICATION
                                                14 Civ (    )

        - against -

"APL SHANGHAI" & "ALIOTH" their engines,
boilers, tackle, furniture, apparel *in rem* and
LCL CARIBBEAN CORPORATION

                   Defendants.
-------------------------------------------------------------------X

       Pursuant to 28 U.S.C. §1746, KATHERINE N. CHRISTODOULATOS, Esq., declares under the penalty of perjury:

       1.      I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, THE OPPENHEIMER GROUP.

       2.      I have read the foregoing Verified Complaint and know the contents thereof; and

       3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.      The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       July 1, 2014

                                   CHALOS & CO, P.C.
                                   *Attorney for Plaintiff*
                                   THE OPPENHEIMER GROUP.

By:     *Katherine Christodoulatos*

                                   Katherine N. Christodoulatos (KC-1226)
                                   55 Hamilton Avenue
                                   Oyster Bay, New York 11771
                                   Tel: (516) 714-4300
                                   Fax: (516) 750-9051
                                   Email: kchristodoulatos@chaloslaw.com